**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SALVATORE CABIBBO,

                  Plaintiff,

v.

PARSONS INSPECTION &
MAINTENANCE CORPORATION, JAMES
T. KENNEY, AND BARRY J. COLICELLI,

                  Defendants.

Civ. No. 09-3213 (DRD)

**O P I N I O N**

*Appearances by:*

LAW OFFICES OF EMANUEL S. FISH
by: Emanuel S. Fish, Esq.
2040 Millburn Avenue, Suite 104
Maplewood, New Jersey 07040

      *Attorney for Plaintiff,*

MORGAN, LEWIS & BOCKIUS LLP
by: Rene M. Johnson, Esq.
Jaime N. Morris, Esq.
502 Carnegie Center
Princeton, NJ 08540

      *Attorneys for Defendants.*

**DEBEVOISE, Senior District Judge**

      Plaintiff, Salvatore Cabibbo, has moved to remand this action to the Superior

Court of New Jersey, following its removal to this court by Defendants, Parsons

Inspection & Maintenance ("Parsons"), James T. Kenney, and Barry J. Colicelli (collectively, "Defendants").  Cabibbo makes no allegations of defects in the procedure for removal based on his initial complaint filed in state court, which included state causes of action that are preempted by § 301 of the Labor Management Relations Act ("LMRA").  29 U.S.C. § 185(a).  Instead, Mr. Cabibbo argues that because his Second Amended Complaint withdrew all preempted causes of action, the court should now decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 and should remand this matter to state court.

Defendants argue that the two causes of action that remain in plaintiff's Second Amended Complaint—false imprisonment and intentional infliction of emotional distress ("IIED")—are also preempted by § 301 of the LMRA.  Defendants have also cross-moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), based on the argument that if the claims for false arrest and IIED are preempted by § 301, Mr. Cabibbo fails to state a cause of action under § 301 because he did not exhaust his remedies under the collective bargaining agreement in place between Parsons and SEIU Local 518.  The court grants Mr. Cabibbo's motion to remand and therefore will not reach Defendants' motion to dismiss.

## I.  BACKGROUND

### A.    The Parties

Parsons, a corporation conducting business in New Jersey, is contracted by the State of New Jersey to operate the State's automobile inspection program.  Salvatore Cabibbo worked as a technician at a Parsons inspection station for approximately nine

years until Parsons terminated him on December 29, 2008.  Mr. Cabibbo is a member of

the Service Employees International Union ("SEIU"), Local 518, and a collective

bargaining agreement ("CBA") is in place between Parsons and SEIU Local 518.  James

T. Kenney and Barry J. Colicelli are employed by Parsons and are both New Jersey

citizens.

**B.    The Original Complaint**

On May 26, 2009 Plaintiff Salvatore Cabibbo filed a complaint (the "Original

Complaint") in the Superior Court of New Jersey against Parsons and Parsons's

employees James T. Kenney and Barry J. Colicelli, alleging five counts:  1) false

imprisonment, 2) termination in breach of the collective bargaining agreement ("CBA"),

3) breach of the covenant of good faith and fair dealings implied in the CBA, 4) tortious

interference by Mr. Kenney and Mr. Colicelli with Mr. Cabibbo's contractual relationship

with Parsons, and 5) intentional infliction of emotional distress ("IIED").  All counts

were based on alleged events which occurred from December 26-29, 2008 and

culminated in the termination of Mr. Cabibbo's employment with Parsons on December

29.  Mr. Cabibbo alleges that on December 26, Mr. Kenney and Mr. Colicelli detained,

interrogated, and threatened Mr. Cabibbo.  Defendants claim that on December 26, Mr.

Kenney and Mr. Colicelli were conducting an investigative interview of Mr. Cabibbo

based on suspicions of employee theft.

**C.    Removal to Federal Court**

On July 1, 2009, Defendants removed this matter to this court based on complete

preemption of Plaintiff's claims by § 301 of the LMRA.  On July 2, 2009, Plaintiff filed a

First Amended Complaint in this court, withdrawing his claims for breach of the CBA

and breach of the covenant of good faith and fair dealings, Counts Two and Three in the Original Complaint, respectively.  On July 14, 2009, Plaintiff filed a Second Amended Complaint withdrawing the tortious interference with contract claim, the Fourth Count in the Original Complaint.  Thereafter, on July 22, 2009, Plaintiff filed a motion to remand the matter because the Second Amended Complaint contained only the two remaining counts—for false imprisonment and IIED.

**D.      The Second Amended Complaint**

At the September 8, 2009 oral argument on these motions, Defendants noted that paragraphs 25 and 30 of the Second Amended Complaint still requested damages related to Plaintiff's termination.  The court gave plaintiff leave to amend the complaint a third time and remove those parts of paragraphs 25 and 30 that alleged damages related to plaintiff's termination (including "loss of employment opportunities and advancement; loss of wages; loss of privileges in employment; loss of income; loss of employment benefits…permanent, irreparable damages to his employment and career…and limitation and/or inability to engage in his pursuits and occupations.").

To support his claims for false arrest and IIED in this pared down complaint, plaintiff alleges that on December 26, 2008, Mr. Kenney and Mr. Colicelli interrogated plaintiff and accused him of receiving stolen property; threatened plaintiff that they would call law enforcement if he did not admit guilt; and told plaintiff that a warrant had been issued that would allow the police to search plaintiff's home and vehicles to look for anything for which plaintiff could not produce a receipt.  Plaintiff further alleges that during the December 26 encounter he was detained against his will; he attempted to leave but was not permitted to do so; defendants were harsh, oppressive, belligerent and

threatening; and defendants' actions were extreme and outrageous.  Plaintiff alleges

damages of mental and emotional anguish and trauma; humiliation, anxiety and

depression.  Plaintiff also alleges that he was deprived of his personal liberty, was made

physically ill, was subjected to humiliation, and was otherwise greatly injured.

## II.  DISCUSSION

Plaintiff claims that no federal question issues remain in the case and requests that

the case be remanded to state court.  Plaintiff concedes in his reply brief that the

withdrawn Counts Two, Three and Four were preempted by § 301, but argues that Counts

One and Two allege purely state law claims, and that § 301 does not cover the outrageous

conduct or malicious behavior required to prove those two claims.   Plaintiff's Reply

Brief at 1.  Furthermore, Plaintiff argues that the court should exercise its discretion to

remand the case to state court, rather than dismiss it.

Defendants counter that the court should only examine the Original Complaint

that was in effect at the time of removal.  Defendants further argue that even if the court

focuses on the Second Amended Complaint, the remaining counts are also preempted by

LMRA §301 because the claims seek damages related to Plaintiff's termination from

Parsons, are inextricably intertwined with the terms of the CBA, and substantially depend

on the court's analysis of the CBA.  Defendants argue that if the court finds the claims

are preempted by § 301, the court should dismiss the complaint because plaintiff has not

met the requirements for a valid § 301 claim since he did not first exhaust his remedies

under the CBA and alleges no violation of the union's duty of fair representation.

Furthermore, defendants contend that even if the court decides that the two remaining

claims are not preempted by § 301, the court should dismiss the case instead of remanding it, since plaintiff has amended his complaint in order to avoid federal court jurisdiction.

**A.      Standard of Review**

Removal of a civil action by a defendant from state to federal court is permissible when the district court has original jurisdiction over the plaintiff's causes of action and the action could have been brought in a federal forum in the first instance.  28 U.S.C. § 1441(a).  A district court has original jurisdiction over a civil action either when there is diversity of citizenship and an amount in controversy in excess of $75,000.00 exclusive of interest and costs, 28 U.S.C. § 1332, or when the action arises under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331.[1]

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule."  Kline v. Sec. Guards, Inc., 386 F.3d 246, 251 (3d Cir. 2004). This rule states that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Id.  A complaint that asserts only state law causes of action cannot be removed to federal court unless the complete preemption doctrine applies, thereby converting the state law cause of action into a federal one.  See Kline, 386 F.3d at 251.  The parties do not dispute that this case was properly removed to federal court based on the initial complaint.

**B.      Preemption**

Section 301 of the LMRA provides federal jurisdiction for suits alleging violations of contracts between an employer and a labor organization representing

---

[1] Removal on diversity grounds is barred by 28 U.S.C. § 1441(b) because Defendants are all citizens of the state in which the action was originally brought.

employees.  29 U.S.C. § 185(a).[2]  It is well established that a suit brought by an individual employee against his employer for breach of a CBA is among the class of cases that must be brought under § 301 and be resolved by reference to federal law. Smith v. Evening News Assn., 371 U.S. 195 (1962); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985); Voilas v. General Motors Corp., 170 F.3d 367 (3d Cir. 1999).  Plaintiff has conceded that his claims for termination in breach of the CBA, breach of the covenant of good faith and fair dealings implied in the CBA, and tortious interference by Mr. Kenney and Mr. Colicelli with Mr. Cabibbo's contractual relationship with Parsons, are contract claims arising under the CBA between SEIU Local 518 and Parsons.  We turn to the claims for false imprisonment and IIED to determine whether those counts are also preempted by § 301.

The preeminence of federal law in interpreting collective bargaining agreements applies to tort as well as contract actions.  See Allis-Chalmers, 471 U.S. at 211; Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217 (3d Cir. 1995).  Allis-Chalmers articulated the test for § 301 preemption of state tort claims.  The Court in Allis-Chalmers noted that the policy underlying § 301 mandates uniformity in the interpretation of the relationships created by collective bargaining agreements, based on national labor policy.  471 U.S. 202, 212 (1985).  Additionally, the court noted that preemption of certain tort claims "preserves the central role of arbitration in our system of industrial self-government."  Id. at 219.

_____

[2] Subsection (a) of §301 states, in relevant part:
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce…may be brought in any district court of the United States having jurisdiction of the parties, without respect to amount in controversy or without regard to the citizenship of the parties.

However, "not every dispute concerning employment or tangentially related to a provision in a CBA" is preempted by § 301.  Id. at 212.  Congress did not intend § 301 to preempt state law rules that "proscribe conduct, or establish rights and obligations, independent of a labor contract."  Id. at 216.  Rather, substantive rights can exist in the labor relations context beyond those created by collective bargaining agreements.  Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988) (deciding that tort action for retaliatory discharge was not preempted even though employee could have chosen to pursue a contractual remedy for discharge without just cause); Kline v. Security Guards, Inc., 386 F.3d 246, 260 (3d Cir. 2004) (finding that employees' claim for invasion of privacy based on surveillance in the workplace not preempted); Voilas v. General Motors Corp., 170 F.3d 367, 378 (3d Cir. 1999) (finding that plaintiffs' suit against employer for fraudulently inducing employees to accept an early retirement package not preempted by § 301); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 232 (3d Cir. 1995) (noting that analysis of conduct of employer or employees' allegations of severe emotional distress for an IIED claim does not require interpretation of the CBA); Cole v. Pathmark of Fairlawn, 672 F. Supp. 796 (D.N.J. 1987) (finding that since alleged damages for false arrest based on a shoplifting investigation arose from the investigation and not the discharge, false arrest claim not preempted).  However, parties cannot escape the preemptive effect of § 301 by casting their claims as tort actions rather than contract claims.  Allis Chalmers, 471 U.S. at 210 (dismissing tort claim for bad faith handling of an insurance claim because resolution of the state tort claim was substantially dependent upon an analysis of the CBA); Mock v. T.G. &Y. Stores Co., 971 F.2d 522, 530 (10th Cir. 1992) (finding plaintiffs' claims for IIED were preempted because they arose out of

the manner in which the employer investigated suspected employee misconduct and the way in which it terminated employees); Henderson v. Merck & Co., 998 F. Supp. 532, 540 (E.D. Pa. 1998) (determining that plaintiff's claim for IIED was preempted because the claim challenged employer's conduct when it discharged plaintiff, thus requiring analysis of whether plaintiff was discharged for just cause under the CBA).

In sum, the relevant inquiry is "whether the tort action confers nonnegotiable state-law rights on employers and employees independent of any right established by contract, or instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract," such that the tort claims can be resolved only by reference to the terms of the collective bargaining agreement.  Id. at 216.

  **i.**  ***False Imprisonment***

Defendants argue that plaintiff's claim for false arrest is actually seeking damages for his termination.  Defendants rely on Mock v. T.G. &Y. Stores Co., 971 F.2d 522, 530 (10th Cir. 1992) and Viestenz v. Fleming Companies, 681 F.2d 699 (10th Cir. 1982).  In both those cases, the Tenth Circuit noted that plaintiffs' tort claims were based on investigatory interviews during which plaintiffs were fired.  The Tenth Circuit in Viestenz noted that the harm the plaintiff complained of resulted from the fact of his discharge, rather than any improper conduct of the defendant employer's representatives. 681 F.2d at 704.

Defendants cite to Cole v. Pathmark of Fairlawn, 672 F. Supp. 796 (D.N.J. 1987). In that case, the plaintiff was seeking damages for, among other claims, false arrest, based on an incident in which the plaintiff was accused of shop-lifting from her employer.  Id.  She was questioned by the store security guard, made to sign an apology,

and then arrested and charged with shoplifting.  Id. at 798.  The District Court

distinguished Viestenz based the fact that the plaintiff in Cole did not allege damages

related to job loss, but rather alleged damages based on humiliation, injury to her good

name, psychological damages and expenses, and deprivation of her liberty.  Id. at 803.

Here, the plaintiff stated during oral argument that he was rescinding the claims

for damages based on loss of employment, as more fully described in Section I, Part D of

this opinion.  The damages Mr. Cabibbo now seeks—for deprivation of personal liberty,

humiliation, and resultant physical illness—are connected to the alleged wrongful

conduct of defendants during the December 26 interview, not his subsequent termination.

Based on the current pleadings, this case is more similar to Cole than Viestenz or Mock.

Defendants also argue that analysis of the elements of plaintiff's false arrest claim

requires interpretation of the collective bargaining agreement.  False imprisonment under

New Jersey law is "the constraint of the person without legal justification."  Mesgleski v.

Oraboni, 748 A.2d 1130 (N.J. Super. Ct. App. Div. 2000). The tort of false imprisonment

has two elements: (1) an arrest or detention of the person against his or her will and (2)

lack of proper legal authority or legal justification.  Leang v. Jersey City Bd. of Educ.,

969 A.2d 1097 (N.J. 2009) (internal quotations omitted).

Analysis of these elements does not require interpretation of the collective

bargaining agreement, but rather involves a factual inquiry focusing on the conduct of

defendants and the injury suffered by plaintiff.  See Lingle v. Norge Div. of Magic Chef,

Inc., 486 U.S. 399, 407 (1988); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 232

(3d Cir. 1995).

  **ii.**  ***Intentional Infliction of Emotional Distress***

To establish a claim for intentional infliction of emotional distress under New Jersey Law, a plaintiff must show that: the defendant acted intentionally or recklessly, both in doing the act and producing emotional distress; the conduct was so outrageous in character and extreme in degree as to go beyond all bounds of decency; the defendant's actions were the proximate cause of the emotional distress; and the distress suffered was so severe that no reasonable person could be expected to endure it.  Turner v. Wong, 832 A.2d 340 (N.J. Super. Ct. App. Div. 2003).  Again, like the claim for false arrest, plaintiff is only claiming damages for conduct that occurred during the investigatory interview, including claims for mental and emotional anguish and trauma, humiliation, anxiety and depression.

Further, analysis of these elements again does not require interpretation of the collective bargaining agreement, but rather involves a factual inquiry focusing on the conduct of defendants and the injury suffered by plaintiff.  See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 407 (1988); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 232 (3d Cir. 1995).

Because both the claims for false arrest and IIED as stated in the Second Amended Complaint deal with substantive state law rights and obligations that exist independent of the labor contract, and for the other reasons stated above, the court finds that these two causes of action are not preempted by § 301 of the LMRA.

**C.      Propriety of Remand**

The plaintiff twice sought leave to amend its complaint and dismissed Counts Two, Three and Four of its Original Complaint, thus leaving this court with supplemental jurisdiction under 28 U.S.C. § 1367 over the two remaining claims that derive from the

same common nucleus of operative fact.  However, that the court is authorized to exercise supplemental jurisdiction over state law claims does not mean that jurisdiction *must* be exercised.  See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172 (1997) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

Defendants argue that the court must consider the complaint in effect at the time of removal, not the complaint as amended by the plaintiff after removal.  Defendants rely on Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985), which states that:  "the defendant's right to remove is to be determined according to the plaintiffs' pleadings at the time of the petition for removal."  However, here Mr. Cabibbo does not challenge the defendants' right to remove based on the pleadings filed in state court. Instead, Mr. Cabibbo contends that since the court has granted plaintiffs leave to amend their complaint and dismiss, no federal question issues remain, so the court has discretion to decide whether or not to exercise supplemental jurisdiction over the remaining state law claims.

The Supreme Court has recognized that a district court has discretion to remand a removed case to state court when all federal law claims have dropped out of the action and only supplemental state law claims remain.  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 347 (1988).  In Carnegie-Mellon, defendants removed the case from state to federal court based on a complaint that contained one federal law claim and several state law claims.  484 U.S. 343 (1988).  Six months into discovery in federal court, plaintiffs moved to amend their complaint to withdraw the allegations that implicated federal law, and moved to remand the suit to state court.  Id.  The Supreme Court decided that the district court had discretion to consider the values of judicial economy, convenience,

fairness, and comity, in declining to exercise supplemental jurisdiction over the remaining state law claims.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); Trans Penn Wax Corp. v. McCandless, 50 F. 3d 217, 223 (3d Cir 1995).

Defendants contend that plaintiff's withdrawal of preempted claims after removal raises a red flag of forum manipulation.  Courts have determined that the possibility of forum manipulation is but one factor to be considered among the factors of economy, convenience, fairness, and comity.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988); Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 223 (3d Cir 1995).  In Trans Penn Wax, the Third Circuit noted that the plaintiffs had withdrawn their federal RICO claims because responses to discovery requests had revealed that their RICO claims were likely inadequate.  Id.  Here, similarly, plaintiffs might have realized that their preempted claims (Counts Two, Three and Four) were unlikely to succeed.  The factor of potential forum manipulation is but one of many, so it should not unduly outweigh the other factors.

The other factors of judicial economy, convenience, fairness, and comity, weigh in favor of remand.  Here, the court has not expended substantial resources on this case. The case is in its initial phases; in fact, this is the first motion the court has heard in this case since it was removed to this court.  C.f. Trans Penn Wax, 50 F.3d at 223; Carnegie-Melon, 484 U.S. at 357.  Furthermore, plaintiff is attempting to vindicate substantive state rights that are separate and independent of his former preempted claims, so as a matter of comity the court will respect the state's interest in deciding this case.

## III.  CONCLUSION

For the foregoing reasons, the court remands this case to the Superior Court of New Jersey.

The Court will enter an order implementing this opinion.

                                           __**s/** Dickinson R. Debevoise_____
                                           DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: September 23, 2009